1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES ROY McNEIL,                          Civil No.    12cv0347-WQH (WMc)

12                              Petitioner,

13                    vs.                       **SUMMARY DISMISSAL OF**
                                                **SUCCESSIVE PETITION PURSUANT**
14   MEL EPLY, et al.,                          **TO 28 U.S.C. § 2244(b)(3)(A)**
                                                **GATEKEEPER PROVISION**
15                              Respondents.

16          Petitioner James Roy McNeil, a state prisoner proceeding pro se, has filed a Petition for

17   a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his sentence of

18   twenty-five years to life imposed under California's Three Strikes law as a result of a guilty

19   plea, claiming that his attorney did not explain the plea agreement to him and did not help him

20   file an appeal.  (Pet. at 1.)  For the following reasons, this case is summarily dismissed

21   pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

22                    **PETITION BARRED BY GATEKEEPER PROVISION**

23          The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has

24   submitted to this Court challenging his March 29, 2000, conviction in San Diego Superior

25   Court Case No. SCD147486 and resultant sentence of twenty-five years to life.  On September

26   27, 2005, Petitioner filed a Petition for a Writ of Habeas Corpus in SO. DIST. CA. CIVIL CASE

27   NO. 05cv1852-J (PCL).  (See Petition [Doc. No. 1] in SO. DIST. CA. CIVIL CASE NO. 05cv1852-

28   J (PCL), filed 9/27/05.)  In that petition, Petitioner challenged his sentence imposed in San

Diego Superior Court Case No. SCD147486, claiming that his guilty plea was invalid due to mental incompetence. (Id. at p. 11-12.) On August 31, 2006, this Court denied the petition on the merits of the claims presented. (See Order filed 8/31/06 [Doc. No. 11] in SO. DIST. CA. CIVIL CASE NO. 05cv1852-J (PCL).) Petitioner filed a late appeal with the Ninth Circuit Court of Appeals, which was limited to review of this Court's denial of a post-judgment motion for appointment of counsel; the Ninth Circuit affirmed on January 11, 2012. (See 9th Cir. Order filed 1/11/12 [Doc. No. 24] in SO. DIST. CA. CIVIL CASE NO. 05cv1852-J (PCL).)

Petitioner is now seeking to challenge the same conviction and sentence he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that Petitioner has requested or received permission from the Ninth Circuit Court of Appeals to file a successive petition. Accordingly, the Court is unable to consider the Petition.[1]

### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner to refile his Petition if and when he receives the necessary permission from the Ninth Circuit Court of Appeals. The Clerk of Court shall send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition.

**IT IS SO ORDERED.**

DATED: February 14, 2012

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Petitioner has previously been notified of this requirement when he filed another habeas petition challenging the same conviction, which was also dismissed as second or successive. See Order filed 11/9/09 [Doc. No. 3] in SO. DIST. CA. CIVIL CASE NO. 09CV2339-WQH (WMC).